### FLEMING *v*. FLEMING.

DIVORCE — ALIMONY — CHILDREN—HUSBAND AND WIFE—EARNINGS OF WIFE.

> An award of $9 a week alimony out of $18 earned by the husband weekly was not unreasonably low in favor of the wife, who was able to earn upwards of $7 a week, and it was not improper to refuse permanent alimony out of real property owned by the husband in value not to exceed $1,300, where there were three children to be cared for and the husband had no other sources of income except the property and his labor as a teamster.

Appeal from Wayne; Mandell, J.  Submitted January 22, 1915.  (Docket No. 132.)  Decided June 7, 1915.

Bill by James Fleming against Catherine Fleming for divorce.  From a decree for defendant, awarding a divorce upon her cross-bill, defendant appeals, claiming the alimony awarded to be inadequate.  Affirmed.

*McHugh, Gallagher, O'Neil & McGann,* for complainant.

*Edward Pokorny,* for defendant.

McAlvay, J. Complainant filed his bill of complaint against defendant for the purpose of obtaining a divorce, upon the ground of extreme cruelty. Defendant answered in the nature of a cross-bill, praying for a decree of divorce in her favor, also upon the ground of extreme cruelty, for the care, custody, and control of the three minor children, and for a portion of the property of defendant for the support of herself and children. Complainant answered this cross-bill. Issues were joined upon these pleadings.

The cause came on to be heard before the court, and resulted in a decree in favor of defendant, granting to her a divorce from complainant on her cross-bill, and giving her the care and custody of the three children. The decree ordered the complainant to pay defendant the sum of $9 per week permanent alimony for the care, support, education, and maintenance of the three children, making such payments a lien upon the real estate of complainant which these parties had occupied as their home. Defendant has appealed, and in the brief of her counsel it is stated that such appeal is from that portion of the decree fixing alimony.

The facts, briefly stated, are that these parties, now getting toward middle life, were married in 1902, and have three minor children, the eldest being nine years of age; that their married life has not been, at least for a considerable portion of it, a pleasant one. It appears that defendant filed a bill of divorce against him in October, 1907, on the ground of extreme cruelty; that their difficulties were in a measure reconciled, and she withdrew this proceeding, and they went to living together again; that she has separated from him several times; that some time in the year 1908 complainant filed a bill for divorce against his wife, which resulted as the first one referred to filed by her. It was withdrawn, and they again lived together as husband and wife. Finally,

before the bill of complaint in this cause was filed by him in March, 1912, defendant took from their house all of the furniture she desired, together with a piano which he had purchased for her, and the three children, without his knowledge, while he was at work, going to the house of her sister to live, where she was at the time he filed this bill of complaint.

Complainant was a teamster, owning a horse and wagon, having constant employment for a good concern, earning $18 a week. It is not disputed that according to his ability he provided for his family during the years since the parties were married, nor that he is a good worker, constantly employed. His employment, above stated, still continues, and she is earning at regular employment $7 per week. The only property he has is the house mentioned, which he owned when they were married, and which is considerably out of repair. The estimated value of this property, according to the record, considering its condition, is about $1,300.

Upon the merits of this case we are not called to pass, except so far as the question of the sufficiency ·of the provision in the decree as to alimony is concerned, to which question both parties in their briefs before this court confine their arguments. It is claimed upon the part of complainant's counsel that the actual allowance of alimony by the court was $8 per week, and that the provision in the decree for $9 per week was a mistake. However that may be, attention of this court was called to it only since the case was submitted, and as we find from the decree, as certified in the original files, it is, as first stated in this opinion, $9 per week permanent alimony for the care, support, education, and maintenance of the minor children until further order of the court. The learned trial judge before whom this cause was heard saw these parties and the witnesses and heard all the testimony in the case. It is claimed, and not denied,

that at his request further testimony was taken relative to the value of this property of complainant.

Complaint is made on the part of defendant and appellant that no permanent alimony was allowed by the court to her. It is apparent from a careful examination of the record that the court took into consideration the relations of these parties to each other, the small amount of property held by complainant, the necessity for him to continue to be a producer, and, if anything is to be realized eventually out of the property in favor of these children, the necessity of having it preserved free from incumbrance, which the lien of the allowance to the wife for these children practically insures. This would be impossible if he were required to make payment of permanent alimony to her, as his only resource for obtaining money outside of his wages is this little property. It was not acquired by the joint efforts of these parties, and the record shows she has persistently desired for several years to get the title in her name. Whatever may be said of complainant's habits, he did not appreciably squander his income and provided well for his family.

Our opinion is that the trial court arrived at a fair and equitable conclusion upon the question of alimony, considering the small amount of property owned by complainant and the earning capacity of both parties to this litigation.

The decree of the circuit court is affirmed, without costs to either party.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred. MOORE, J., did not sit.